IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00107-PAB-KAS

MARI ROSENFELD, MAX ALEXANDER INMAN

      Plaintiffs,

v.

UNIVERSITY OF COLORADO, through the Board of Regents of the University of Colorado, a body corporate; JUSTIN SCHWARTZ, Chancellor of the University of Colorado Boulder, in his official capacity; DEVIN CRAMER, Dean of Students and Associate Vice Chancellor for Student Affairs of the University of Colorado Boulder, in his individual capacity; HOLLY NELSON, Deputy Dean of Students and Assistant Vice Chancellor of the University of Colorado Boulder, in her individual capacity

      Defendants.

## DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY

All Defendants—the Board of Regents of the University of Colorado (the "University"), Justin Schwartz in his official capacity, and Devin Cramer and Holly Nelson in their individual capacities—move to stay discovery pending resolution of their motion to dismiss (ECF #16).

**CONFERRAL STATEMENT**: Pursuant to D.C.COLO.LCivR. 7.1(a), undersigned counsel conferred with Plaintiffs' counsel regarding this Motion. Plaintiff opposes a stay of discovery.

## INTRODUCTION

Plaintiffs Mari Rosenfeld (a University student) and Max Alexander Inman (a former University student), participated in a protest on campus. (ECF# 1, ¶¶ 6, 7, 47.) Plaintiffs were

protesting outside the Glenn Miller Ballroom at the University Memorial Center ("UMC"), which had been reserved for a "formal event for students"—a science, technology, engineering, and mathematics job fair—from 10:00am to 4:00 p.m. (*Id.* ¶¶ 55, 61, 63.)

At 11:00am, Plaintiff Rosenfeld and other members of Students for Justice in Palestine ("SJP") gathered at the UMC's main entrance to prepare for the protest. (*Id.* ¶¶ 55, 63.) Around 11:30am, the University's Student Engagement Response Team ("SERT") asked protestors and counter-protestors to use the nearby South Lawn for their protests and the students moved into that area. (*Id.* ¶¶ 71, 73-75.) Plaintiff Inman then led protesters into the UMC towards the Glenn Miller Ballroom where the career fair was being held. (*Id.* ¶¶ 83, 84, 86.) Career fair administrators asked protestors not to come into the ballroom. (*Id.* ¶ 88.) Plaintiffs ignored them and instead, led protestors around the administrators and inside, where hundreds of students were meeting with recruiters. (*Id.* ¶¶ 89, 90, 91.) While inside, Plaintiff Inman used a bullhorn. (*Id.* ¶ 92.) Students and recruiters could hear what Plaintiff Inman was saying. (*Id*., ¶¶ 95-97.) An administrator next asked the protesters to leave. (*Id*. ¶ 99.) After a law enforcement officer gave the protestors an order to leave the ballroom, they left and resumed their protest outside on the South Lawn before deciding to end it. (*Id.* ¶¶ 101, 104-105.)

Based on these events, "University administrators" concluded Plaintiffs "disrupt[ed] the career fair" and "use[d] amplified sound." (*Id.* ¶ 107). As a result, Defendant Holly Nelson (the Deputy Dean of Students and Assistant Vice Chancellor for Student Affairs) issued an interim exclusion preventing Plaintiffs from being on campus—except for travelling to and from, and attending, classes—for less than two months. (*Id.* ¶¶ 11, 112, 115.) Defendant Devin Cramer (Dean of Students and Associate Vice Chancellor for Student Affairs) filed a police report

documenting the events, but nothing came of it. (*Id.* ¶¶ 10, 118, 121.) Plaintiffs now sue Dean Cramer, Deputy Dean Nelson, Chancellor Schwartz (in his official capacity only), and the University, alleging various violations of their constitutional and statutory rights. (ECF #1.) All Defendants have moved to dismiss for failure to state a claim, and Defendants Cramer and Nelson (the "Individual Defendants") have additionally asserted qualified immunity.

As numerous cases have held, the Individual Defendants should not be subjected to the demands of discovery until the Court rules on their dispositive motion and determines the threshold question of their immunity to Plaintiffs' claims. And, because (1) there is no practical way to separate discovery against the Individuals—who are current University employees—from discovery against the University itself, and because (2) the *String Cheese* factors weigh in favor of staying discovery against all Defendants, the Court should stay all case proceedings until after it decides the motion to dismiss.

## LEGAL STANDARD

The decision to stay discovery rests within the sound discretion of the trial court. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery; however, Rule 26(c) does permit a court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

3

# ARGUMENT

**I.     Discovery should not be allowed until the Court determines the Individual Defendants' immunity to Plaintiffs' claims.**

Where a defendant has raised qualified immunity, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Here, the Individual Defendants have moved to dismiss the claims against them on the basis of qualified immunity, among other reasons. (*See* ECF # 16.) Accordingly, under the law above, the Court should stay discovery until it decides the Individual Defendants' motion to dismiss. *See, e.g.*, *Johnson v. Boyd*, No. 22-CV-00042-GPG, 2022 WL 22402296, at *1 (D. Colo. Apr. 4, 2022) ("Because qualified immunity has been raised … the Court finds a stay of discovery appropriate so that [the defendant] is not subjected to the burdens of discovery … until the threshold immunity issue is resolved.").

**II.     Practical considerations and the *String Cheese* factors weigh in favor of a discovery stay against all Defendants.**

The Court should stay discovery against *all* Defendants.

First, staying discovery against the Individual Defendants but allowing discovery to proceed against the University, which has not asserted qualified immunity, would essentially nullify the stay. That is because there is no feasible way to separate discovery against the

4

University from that against the Individuals. Three of Plaintiffs' five claims are brought against the Individual Defendants only. (ECF #1, ¶¶ 134-161.) While the other two are not (Claim I is brought against Chancellor Schwartz in his official capacity, and Claim V is brought against the University), <u>all</u> the claims are based on the same underlying facts, which allegedly involve, and therefore would require discovery from, the Individuals. (*See, e.g.*, ECF #1, ¶¶ 3-4 (summarizing alleged underlying facts: that after Plaintiffs' protest that disrupted a career fair, all "Defendants imposed a draconian sanction" of an interim campus exclusion and "maintained" it for two months)).

Courts agree that it is "no answer" to stay discovery for some defendants "while pretrial proceedings continue for other defendants." *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (even if petitioners are not subject to discovery, they won't "be free from [its] burdens" because once discovery as to other parties proceeds, petitioners and their counsel will need "to participate . . . to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position"); *see also Martinez v. Carson*, 697 F.3d 1252, 1256-57 (10th Cir. 2012) (describing propriety of a complete stay of discovery when some defendants raise qualified immunity); *Quint v. Vail Resorts, Inc.*, No. 20-CV-03569-DDD-GPG, 2021 WL 9079374, at *2 (D. Colo. Oct. 8, 2021) ("[A] stay of discovery may be appropriate even when there are other non-overlapping issues, as a stay of [only some claims] would render the stay of discovery meaningless and not conserve resources" in the event a pending nationwide settlement impacts the claims); *Est. of George by & through George v. City of Rifle, Colo.*, No. 20-CV-00522-CMA-GPG, 2020 WL 13825346, at *2 (D. Colo. Nov. 6, 2020) ("As cases from this district have noted, it would be 'difficult for the parties and the Court to distinguish between discovery related

5

to the claims that may be subject to qualified immunity and those that are not.'" (citing *Chapman v. Federal Bureau of Prisons*, 2015 WL 4574863, at *2–4 (D. Colo. July 30, 2015)). Given these considerations, a stay against all Defendants is appropriate.

Second, the *String Cheese* factors weigh in favor of a full discovery stay. In evaluating a discovery stay request, the following five factors guide the Court's determination: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006).

Here, all five factors weigh in favor of a stay. As to factor one (1), Plaintiffs will not be unduly prejudiced by the requested stay, because they will have ample opportunity to obtain full and fair discovery if the motions to dismiss are denied. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (holding that there is no prejudice to plaintiff where plaintiff will have ample time to conduct discovery if a dispositive motion is denied).

As to factor two (2), all Defendants will be unduly burdened by discovery at this time. As discussed above, the Individual Defendants have asserted qualified immunity which gives officials "a right" to avoid discovery's "burdens." *Behrens*, 516 U.S. at 308 (citation omitted). Further, if the Court were to stay discovery only against the Individuals, the University will undoubtedly be forced to expend ample resources trying to prevent Plaintiffs' discovery aimed ostensibly against the "University" but that requires the Individual Defendants' participation.

6

As to factor three (3), it would be more convenient for the Court to stay discovery until it is clear that this case will proceed. *See, e.g.*, *Johnson*, No. 22-CV-00042-GPG, 2022 WL 22402296, at *2 ("discovery could burden both the defendant and the court with unnecessary discovery disputes in a case that involves multiple claimed legal bars"); *Herman v. PBIA & Co.*, No. 119CV00584PABGPG, 2021 WL 5280487, at *2 (D. Colo. June 10, 2021) ("judicial efficiency would be served by first resolving the pending motions that may be dispositive"); *Robinson v. Oil Shale Corp.*, No. 17-CV-1373-CMA-GPG, 2017 WL 11488719, at *2 (D. Colo. Oct. 25, 2017) ("Staying discovery until the Court resolves a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (Citation omitted.)).

As to factor four (4), Defendants are aware that in this case, Plaintiffs have served at least four subpoenas on nonparties (two current or former University students, and two organizations unaffiliated with the University) asking for documents pertaining to the protest at issue in this case and related matters. Defendants believe at least one nonparty intends to object. Thus, the stay may eliminate the need for these and other nonparties to become involved in discovery and thereby protect them from significant burden and expense. *See Fed. Deposit Ins. Corp. v. Banc of Am. Funding Corp.*, 2014 WL 1466721, at *2 (D. Colo. Apr. 15, 2014) ([n]on-parties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions"); *cf. Taylor v. Armor Corr. Health Servs., Inc.*, No. 20-CV-01406-WJM-NYW, 2020 WL 13850254, at *6 (D. Colo. Sept. 30, 2020) (finding factor 4 neutral where Defendants identified only one nonparty subject to a subpoena and there was no indication the nonparty found the subpoena objectionable).

7

As to factor five (5), the University is an arm of the state, *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989), and "the public also has an interest in ensuring that state entities and officials that may be immune from suit are not needlessly burdened with undue discovery," *Taylor v. Colo. Dep't of Health Care Policy & Fin.*, 2012 WL 1657862, at *4 (D. Colo. May 11, 2012).

## CONCLUSION

For these reasons, a stay of all discovery in this case—not just discovery against the Defendants asserting qualified immunity—is warranted pending the Court's ruling on the motion to dismiss. Defendants therefore respectfully request that discovery and all other proceedings be stayed in this matter until after the Court rules on the pending motion to dismiss (ECF #16).

**DATED:** March 14, 2025.

    Respectfully submitted:

    *s/ Megan H. Clark*
    Megan H. Clark
    Senior Assistant University Counsel
    Special Assistant Attorney General
    University of Colorado
    Office of University Counsel
    1800 Grant Street, Suite 700
    Denver, CO 80203
    303-860-5691
    Megan.Clark@cu.edu
    *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 14, 2025, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Daniel D. Williams
Matthew A. Simonsen
Ashlyn Hare
Hutchinson Black and Cook, LLC
921 Walnut St., Suite 200
Boulder, CO 80302
(303) 442-6514
dan.williams@hbcboulder.com
matt.simonsen@hbcboulder.com
ashlyn.hare@hbcboulder.com
*Attorneys for Plaintiff*

                  *s/ Elisha Garza*
                  Elisha Garza, Litigation Paralegal