IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00107-PAB-KAS

MARI ROSENFELD, and
MAX ALEXANDER INMAN,

    Plaintiffs,

v.

UNIVERSITY OF COLORADO, through the Regents of the University of Colorado; a body corporate,
JUSTIN SCHWARTZ, Chancellor of the University of Colorado Boulder, in his official capacity,
DEVIN CRAMER, Dean of Students and Associate Vice Chancellor for Student Affairs of the University of Colorado Boulder, in his individual capacity, and
HOLLY NELSON, Deputy Dean of Students and Assistant Vice Chancellor of the University of Colorado Boulder, in her individual capacity,

    Defendants.
_____

**MINUTE ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Opposed Motion to Stay Discovery** [#34] (the "Motion"). Plaintiffs filed a Response [#53] and Defendants filed a Reply [#56]. The Court has reviewed the Motion [#34], the Response [#53], the Reply [#56], the entire case file, and applicable case law. The Court finds that the Motion [#34] should be **GRANTED**.

    Plaintiffs assert claims against Defendants Devin Cramer ("Cramer") and Holly Nelson ("Nelson") in their individual capacities for First Amendment and Fourteenth Amendment violations, seeking money damages. *See Am. Compl.* [#22] at 23-26. Plaintiffs also assert a First Amendment retaliation claim against Defendant Justin Schwartz ("Schwartz") in his official capacity seeking injunctive relief. *Id.* at 23-24. The claims lodged against Defendant University of Colorado (the "University") are breach of contract and violation of Colo. Rev. Stat. § 23-5-144. *Id.* at 26-28.

    Defendants filed a Motion to Dismiss [#33] simultaneously with the instant Motion [#34]. The Motion to Dismiss [#33] argues that Defendants Nelson and Cramer are immune from Plaintiffs' three claims against them based on qualified immunity. *See Motion* [#33] at 5-13. It further argues that Eleventh Amendment sovereign immunity

shields the University from suit with respect to the two claims asserted against it. *Id.* at 14. Defendants concede that Defendant Schwartz is not subject to an immunity defense. *Motion* [#34] at 3. In sum, immunity defenses are raised with respect to three out of the four Defendants on all respective claims.

Defendants request a stay of discovery in this case pending resolution of their Motion to Dismiss [#33]. *See Motion* [#34] at 3. Plaintiffs oppose the requested stay and argue that a blanket stay is not warranted where only some Defendants have asserted immunity defenses. *Response* [#53] at 5-7.

**A.     Whether to Grant a Partial or Full Stay of Discovery, if a Stay is Granted**

Courts generally prefer to resolve questions of jurisdiction and immunity at the earliest stages of litigation to conserve the court's and the parties' time and resources. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). "Qualified immunity, no less than absolute immunity, invokes the protection to be free from discovery: 'Until this threshold immunity question is resolved, discovery should not be allowed.'" *Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *3 (D. Colo. Sept. 13, 2023) (emphasis omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Courts in this District have recognized that "discovery should not proceed until threshold immunity questions are resolved even if not every claim or defendant raises an immunity defense." *Id.* at *5 (emphasis omitted); *see, e.g.*, *Handy v. City of Aurora*, No. 24-cv-03082-DDD-CYC, 2025 WL 1939556, at *2 (D. Colo. July 15, 2025) (reasoning that "allowing limited discovery to proceed as to certain claims would effectively rob [a particular defendant] of his qualified immunity defense"); *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021) (similar); *Lincoln v. Maketa*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271, at *1, 3 (D. Colo. May 28, 2015). However, this approach is not uniform throughout the District. *See, e.g.*, *Taylor v. Armor Corr. Health Servs., Inc.*, No. 20-cv-01406-WJM-NYW, 2020 WL 13850254, at *4 (D. Colo. Sept. 30, 2020) (reasoning that governmental defendants could not "piggyback on the [i]ndividual [d]efendants' assertion of immunity to postpone their own discovery obligations given the distinction between the different theories of liability raised by [the] [p]laintiff").

The Court agrees, as a practical matter, that all defendants are not automatically entitled to a blanket stay of discovery merely because certain individual defendants assert an immunity defense. However, in this case, the Supreme Court's guidance in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) supports a stay of discovery on all claims, even where an immunity defense has not been raised. Allowing a partial stay of discovery would not necessarily free the immunity-asserting defendants from the burdens of discovery

2

because, at the very least, they may need "to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Iqbal*, 556 U.S. at 685. Moreover, without theorizing how the District Judge will rule on the Motion to Dismiss [#33], the asserted arguments create a risk that the parties will invest time and resources in discovery only to have the case dismissed in its entirety. Thus, the Court turns to analyzing the *String Cheese Incident* factors.

### B.   *String Cheese Incident* Factors

Although the stay of proceedings in a case is generally disfavored, the Court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). In exercising its discretion, the Court considers the following factors: (1) the plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants by proceeding with discovery; (3) the convenience to the court; (4) nonparties' interests in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Regarding the first *String Cheese Incident* factor, the Court acknowledges that Plaintiffs have a general interest in expeditious litigation and proceeding with discovery. *See, e.g.*, *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). Accordingly, this factor weighs against a stay.

Regarding the second *String Cheese Incident* factor, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action, and this is even more true when, as here, the preliminary motion raises issues of immunity. *See Casias v. City of Pueblo*, No. 20-cv-02545-WJM-KMT, 2021 WL 11449170, at *1 (D. Colo. Mar. 10, 2021). Importantly, qualified immunity is not merely a defense to liability, it is a limited "entitlement not to stand trial or face the other burdens of litigation." *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Indeed, "the burden on state defendants of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts." *Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL 5561724, at *3 (D. Colo. Feb. 18, 2021). Should the District Judge grant the Motion to Dismiss [#33], any discovery that the parties would have conducted up to that point would be rendered futile and a waste of time and resources. Defendants would undoubtedly be prejudiced if they were forced to engage in discovery if their Motion to Dismiss [#33] is ultimately granted. *String Cheese Incident*, 2006 WL 894955, at *2. Therefore, the Court finds that the second factor weighs in favor of a stay.

3

The third *String Cheese Incident* factor, convenience to the Court, also weighs in favor of a stay. The Court recognizes that it is "inconvenienced by an *ill-advised stay* because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable." *McGinn v. El Paso Cnty., Colo.*, 640 F. Supp. 3d. 1070, 1076 (D. Colo. Nov. 14, 2022) (quoting *Lester v. Gene Express, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010)) (emphasis added). However, "every motion to stay comes with different considerations[.]" *Id.* Where "the pending motion to dismiss may result in the resolution of this case in its entirety, . . . a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019). Here, a stay will avoid the prospect of an unnecessary expenditure of judicial resources on any discovery disputes that may arise while the Motion to Dismiss [#33] remains pending. Defendants contend that "there is no practical way to separate discovery" against Defendant Cramer, Nelson, and Schwartz—all University employees—against the University itself. *Motion* [#34] at 3. Thus, a partial stay may require the Court to confront "irresolvable discovery disputes over whether Plaintiffs' future discovery requests violate the partial stay, or are instead permissibly targeted at the unstayed claims." *Taylor v. Colo. Dep't of Health Care Pol'y & Fin.*, No. 12-cv-00300-PAB-KMT, 2012 WL 1657862, at *4 (D. Colo. May 11, 2012). Ultimately, the Court finds that the third *String Cheese Incident* factor weighs in favor of a stay.

Regarding the fourth *String Cheese Incident* factor, the interests of nonparties, Plaintiffs assert that if Defendants' allegedly unlawful conduct is allowed to continue, it "will impact the First Amendment rights of all its students on campus." *Response* [#53] at 9. Plaintiffs state that they have issued subpoenas *duces tecum* on certain nonparties and a stay will delay compliance with those subpoenas. *Id.* Plaintiffs further argue that granting a stay would pose a risk of losing critical documents and "faded memories and recollections" of key witnesses. *Id.* Defendants, in contrast, assert that one nonparty has objected to a subpoena, and a stay would protect these nonparties from the burden and expense of discovery. *Motion* [#34] at 8. Accordingly, the fourth *String Cheese Incident* factor weighs neither in favor of nor against staying discovery.

Finally, with respect to the fifth and final *String Cheese Incident* factor, "there is a general public interest in the speedy resolution of legal disputes" but "there is also a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed*, 2019 WL 11690136, at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009)). Defendants argue a stay will promote the public's interest because it will prevent the University from needlessly being burdened

4

with discovery, whereas Plaintiffs contend that the public interest favors proceeding with discovery because of the impact this litigation will have on all students' free speech rights. *Motion* [#34] at 8; *Response* [#53] at 9. While litigation is "necessary to ensure that officials comply with the law, [it] exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Iqbal*, 556 U.S. at 685. In general, "[t]he public has a strong interest . . . [in] [a]voiding wasteful efforts by the court and litigants[.]" *Colo. Access v. Atl. Specialty Ins. Co.*, No. 21-cv-02913-NYW, 2022 WL 3716518, at *4 (D. Colo. Aug. 29, 2022). Because a ruling on the sovereign and qualified immunity arguments may resolve the majority of claims in this case, this factor weighs in favor of a stay.

Having balanced all five factors, the Court finds that a stay of discovery pending resolution of the Defendants' Motion to Dismiss [#33] is warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** with respect to all Defendants pending resolution of the Defendants' Motions to Dismiss [#33].

5